This case presents a single... Let me ask you a question before you get started. I understand an issue here is $685. That's right, Your Honor. This wasn't some long ago attempt to attack the ACA, and now the payment has been made zero. Why are you here? Well, Your Honor, I'm here because I think the decision... Every wrong, there's a remedy. In this case, the concern is, well, I would say two things. The penalty in this case against Mr. Chesteen was small, but in other cases it could be in the thousands of dollars. You're an ombudsman. I guess so, Your Honor. My concern with the district court opinion is that I think it goes too far in saying what constitutes a tax in the bankruptcy. Here's my concern, and I'm not trying to be judgmental. I just want to know factually. So it's $695 that's at issue, so the appeal costs way more than that. Bottom line, who is paying for that? Does that come out of the bankruptcy estate? Where does that... I'm doing this case pro bono, Your Honor. Okay. I'm not being paid for this case. And in fact, in this case, the penalty that was assessed against Mr. Chesteen rendered his Chapter 13 plan of reorganization, even at that small amount, it rendered it unfeasible. So he would have had to modify his plan and pay more per month just even to cover that small amount. So this case presents a single issue of law, and that's whether or not the shared responsibility payment, which is assessed against individuals under the Affordable Care Act who do not purchase health insurance, constitutes a penalty or a priority tax debt. If it's a priority tax debt, Mr. Chesteen would have to pay it in full through his bankruptcy plan. The court should find that it's a penalty. First of all, even though the length... Why can't we just find that it's not an excise tax and leave it at that? The court could do that, and in fact, that is what other courts, limited courts, have found. The court in Huneberg, which was a Wisconsin bankruptcy case, actually declined to make a determination as to whether it was a penalty or a tax, but then went on to say that even if it was a tax, it was not an excise tax because it did not tax any kind of transaction. It taxed someone who... Well, the other prong, of course, is if it's an income tax, and the government's raising that for the first time on appeal. Are you saying in the other case that happened also, that they didn't assert it was an income tax? They asserted it was an income tax in a more recent case, which was the Bailey case, a North Carolina bankruptcy case. And in that case, the court held, again, that that court did hold that it was not a tax, but then they went on to do the analysis of whether it fell under any of the priority categories of Section 507, and they held that even if it was a tax, it was not an income tax because it was not measured by income. Sometimes it would just be a flat amount, as it was in the case with Mr. Chasteen, and sometimes it also might be the maximum amount of what it would cost to purchase a health insurance plan. And, again, that could be in the thousands of dollars and going up each year. So even if the court does hold that it's a tax, which I don't think it should, they could still say it's not an excise tax because it doesn't tax any kind of transaction, and it's not an income tax because it's not measured by income, necessarily. I think it's also important to note that the Supreme Court in National Federation, which is the decision that held that the mandate was constitutional, the IRS has used that analysis to try to argue that the shared responsibility payment should also be a tax for bankruptcy purposes, but that was a very limited decision. Do you agree or disagree that in NFIB the Supreme Court used the same kind of functionality analysis that we would use in the bankruptcy context? I agree that they did use that analysis. Are we bound by the reasoning of the Supreme Court then as well as its holding? I don't think so because at the outset of National Federation the court said all we're determining is the constitutionality, and they repeated that throughout the analysis of whether it was a tax or a penalty. They used language like it could reasonably be construed as a tax. That's not the same test that we use to figure out if a creditor has a priority claim. In the bankruptcy context, a creditor who is trying to claim that they should get paid first or that their debt should not be discharged has the burden to prove why and to prove that Congress intended that they not be discharged. But would we not be in the position of saying that something is both a tax and a non-tax under the same analysis, which the United States says violates Aristotle? Well, the National Federation did that. We wouldn't want to do that. Well, I think Aristotle is just persuasive authority, but I'm sorry. Go ahead. The Supreme Court did that. They held the first part of their opinion in National Federation held that it was a penalty for purposes of whether they could even consider it or not, and they looked at some of the same factors. The court also said that in applying the multifactor analysis that they were only doing that to determine the constitutionality. When it came to comparing two statutes, the Anti-Injunction Act and the mandate, they said what Congress says controls. Congress called it a penalty, and so it's a penalty. As I said, even if this court holds that it's a tax, it's not an excise tax. It has to go beyond that and look at the particular priority categories. The IRS has only argued below in this case that it's an excise tax. Why don't you go through the argument about why it's not an excise tax, because I have a feeling the counsel on the other side is going to say it is. It's not an excise tax because it does not tax any kind of discrete activity. It doesn't tax a transaction. It doesn't tax the manufacturer or sale of goods, which is the definition of an excise tax. Also, if you look at the actual text of the Bankruptcy Code 507A8E, it says an excise tax on a transaction. So even though the IRS has argued that this could be a tax on the privilege of not purchasing health insurance, which I think is going a bit far in saying what a privilege is, but even if it were, the bankruptcy statute itself says an excise tax on a transaction. I don't see how not— Is that term defined in the statute or in the case law? It is not, Your Honor. No. In the case law it is, but not in the statute. It doesn't just define what an excise tax is. Well, I guess in an esoteric sense you could say the transaction is the decision not to purchase insurance and it's a tax on your choosing not to jump in there and participate. I think the problem with that is I think Justice Roberts of the National Federation said, do we really want to say not doing something is an activity because every day there are millions, infinite things that we are not doing, and I don't think we want to say that not doing something is a transaction. Some of the examples that I cited in my brief of excise taxes all have to do with actually engaging in some kind of activity, whether it's driving a car or buying something or selling something. What do you make of the argument by the United States that kind of backs into the idea that it's an excise tax by saying, well, look, we know that it's a tax. It's a constitutional tax. There are only four kinds of taxes. It's not a direct tax. It's not a what's-that-other-kind-of-tax. I just lost it. They're saying, well, there's got to be something. So it's either an excise tax or an income tax. Understood. I think that, again, the issue with that is that in National Federation, the court was not determining whether it's a priority tax for bankruptcy purposes. That's a separate issue, and you have to look at the bankruptcy code and see whether the tax, if it were a tax, would fit into any of those categories. I think the National Federation court was, and as I said, they really just limited themselves to the question of whether it was constitutional or not. The concern is if we apply that kind of deferential standard for determining whether an assessment is going to be a penalty or a tax or a priority tax for bankruptcy purposes, the government is always going to be able to argue that their claim should get paid first and or should not be discharged, and the purposes of bankruptcy are to give the debtor a fresh start and to make sure that similarly situated creditors get paid in an organized and orderly way, and I don't think we want to give the government that kind of deference in making that determination. That's not what the case law has said about the burden of proof on a creditor claiming priority status. To get back to my original question, in your view, can we skip over the whole question of whether NFIB controls? Because could we say, well, it controls to the extent that it's a tax. We can assume that. But NFIB doesn't say it's an excise tax. No, it doesn't say that it's an excise tax. In other words, it doesn't compel us to hold that it's an excise tax for purposes of the bankruptcy code. For the same outcome, I think that you could hold that, because if you set it aside and didn't determine it, that's one thing, but I think there's a concern with saying that it is a tax and, again, kind of skipping over that burden of proof. I'm just trying to get at what's in front of us. I mean, what is really in front of us is not whether it's a tax or a penalty, but it's whether it falls within one of the priority categories of the statute, right? Right. And that doesn't say tax. It says specific kinds of taxes. I think that's partly correct. But I would also say that, you know, even if you do look at the functional analysis that was used in NFIB, I still think it's a penalty. And that's because if you look at the legislative history, if you look at the language of the Affordable Care Act itself, it clearly says. Well, what's the best factor for your side of the penalty versus tax? I mean, there's a number of factors we'd look at. What's the most powerful one in your favor, in your view? I think the language of the statute is very powerful. Well, it calls it a penalty, right? That's correct. It also uses the word tax in other parts of the same statute. Isn't it located in a section called miscellaneous excise taxes? It is, but the IRS has a section that says that that should be disregarded.  And that's in the Affordable Care Act, the findings say that the purpose of the mandate and the penalty that goes along with it is to keep people from going without health insurance because the congressional findings say that if people don't buy health insurance, then that's going to make the rates go up for everyone else. So the stated purpose and the legislative history both say that the purpose of the mandate is to get people to buy health insurance and to deter people from not buying health insurance by imposing a tax on them. For the purposes of our tape, state what, if any, part of the ACA directs how the funds obtained from the mandate are to be applied.  I'm not certain where those funds were supposed to be applied. Well, the government may be able to tell us that. I don't remember personally. They are collected via the tax system, right? Right. It says in Section 5000A that they are going to be collected with your tax. With your income tax payments. Correct, correct. It would be assessed in your return. That's because, as I recall, we even have a form for that. That's right. To certify that I have insurance. Right, right. We have to file with our taxes. You have to file that to prove that you have the insurance. The only other issue that I would mention is, and you all have mentioned as well, is the fact that as of this year, actually the penalty has gone down to zero. That doesn't mean that people in previous years aren't still going to have to deal with this issue in their bankruptcy cases. I know I've seen it in several of my cases. And it could go on for some time. And so I think it is a matter of importance for the court to decide. Well, but aren't you also arguing that the fact that Congress zeroed it out shows that it is more or less a penalty or a tax? The court in the Bailey decision, the bankruptcy court decision, made that point that the fact that it's been zeroed out is suggestive that it's a penalty and not a tax because Congress doesn't usually just get rid of taxes. But they may abate a penalty. They lower taxes. They raise taxes. But do they just delete them? Sometimes, yes. Okay. That's all I have for my argument. I don't know if you have any other questions for me. Thank you. Good morning. Excuse me. Good afternoon. May it please the Court. Ellen Dussel from the Department of Justice for the United States. The district court here correctly held that the shared responsibility payment. I want to get right to waiver. You, of course, admit that in neither the bankruptcy court nor the district court did the government assert this was an income tax. All along, the government asserted it was an excise tax. And then you hide in a footnote, footnote 5 at page 34, to be sure prior to the decision of a matter of cousins, the government focused below on arguing that Section 5000A imposes an excise tax. But this court can affirm on any basis supported by the record, citing DeMarco v. Davis. Of course, that's, for example, for summary judgment. If there's some evidence in the record, some judges would argue that even if the point wasn't raised, you can still consider it and come up with a different, I was going to use a Latin phrase, but I won't, come up with a different reason for the decision. But we're talking about now a case that has been through bankruptcy before a bankruptcy judge, obviously a matter of considerable specialty. It's been through the district court. It's now on its third run through the Court of Appeals, and the government is now asserting, oh, this is an income tax based on this April 2019 opinion in a bankruptcy court in the Eastern District of Louisiana, a matter of cousins. It just seems to me that it is just too late in the day. We're missing out on the expertise of the bankruptcy judge. We're missing out on the review of the district court. And you need to convince me why this point isn't waived and why we can't just handle this case by saying we're going to assume this is a tax, we're going to address it's an excise tax, and it's not one. Case closed. About three sentences. Well, first of all, Your Honor, I think that this is a legal issue of whether this is one of the taxes that falls within the priority provision. That issue really wasn't flushed out in the corpse below, and I think that there's a huge volume of jurisprudence both in this court and in other courts of appeals recognizing that where something is a legal question of what category this falls into. Well, you sure don't rely on that in your brief. You rely on this. We can affirm on any basis supported by the record. Well, and I think that is true that those— No, that's two different things, counsel. Well, Your Honor, as I've read those cases— Listen, we deal with waiver every day. I'm sure you deal with it every other day. And this is not—you're not arguing now what you argue in your brief. In your brief, you argue we can affirm on any basis supported by the record. Now you're saying to us, oh, this is purely a legal question. You can decide it this way. Well, I think that courts do affirm on bases that weren't the subject of an argument below, and I would emphasize, go back and look at the opinions below that didn't rule on this issue. These courts didn't even reach whether the requirements of an excise tax were met. I mean, that's understandable. And so it's really an argument the appellant is bringing up on— It's understandable that the courts never reached, never addressed the issue of whether it's an income-type tax. I mean, for example, I'm looking at the proof of claim for internal revenue taxes, Form 410, which is in the record. I assume this is a government form. It's addressed to Mr. Chasteen. And under kind of tax, it says excise, and it lists $695. So that's the government. I mean, it's not just that the government didn't raise the issues. The government affirmatively represented to Mr. Chasteen that this is an excise tax. Am I right? Your Honor, that is what the proof of claim said, and I think that was the practice of the government at that point, and that there have been cases such as the Cousins case that Judge Barksdale mentioned that have more recently taken the view that it can be treated as an income tax. But if I may, Your Honor, I think if you look at the statute itself and the case law addressing excise taxes, I think this problem is not one that can't be surmounted by finding that it's an excise tax here. So you wouldn't argue it's an excise tax? Well, I think first and foremost, I do think because it's a legal question of whether we have a tax within Section 507, that if it fits within some other legal argument for being a tax, such as being a tax measured by income, that that would be appropriate for the court to rule on that ground. We would have discretion, but we don't have to. Is that a fair characterization of the law? I believe that's correct, but I think certainly the appellant didn't make arguments about this not being an excise tax previously, and I think there may be some waiver arguments there, too, which, given that we're the appellee, would be more significant. But I think if you get to— You made that point in your brief. I don't believe we did. No, you don't. I don't believe we did. But I do think that if you look at what is the language of the statute itself, clearly this is a tax that is measured by income, so it does fall within Section 507A8, subparagraph A. And I'm just going to say that it could be an excise tax that is measured by income, and it would then fall within the statute. Is this issue coming to us in another case, it sounds like? I imagine that it will arise in other cases. I'm not aware that any appeal has been filed in the Cousins case. I mean, it's a bankruptcy decision, and I don't think there's— I'm not aware that the government prevailed in that one, and to my knowledge, the debtor hasn't yet appealed. But certainly, as the appellant's counsel pointed out, this is an issue that may come up again simply because there are other cases that involve this issue. But turning back to the statute, it could be an excise tax that's measured by income, which would bring it within Section 507. But it still has to be on a transaction, right? Well, not if it's under Paragraph A, because it doesn't say it has to be an income tax under Paragraph A. It can be any tax measured by income. It just says on income or measured by income. And clearly, this statute, which has a floor so that people below a certain income level don't pay tax, people who are within a certain range pay depending on— We can certainly read your brief on that point, but it seems like you're avoiding the excise— I haven't finished yet, Your Honor. Completely, the excise tax, which has to be on a transaction. Well, I'm getting to that, Your Honor. I'm curious about what the transaction— If I may, I just want to make clear that there is an alternative approach. In your brief, you say, again, at the infamous page 34, and when I say in your brief, I know you didn't write the brief. You were appointed counsel late in this case, as I recall. That is correct, Your Honor. They sent you down to be the sacrificial lamb. You didn't cite Aristotle, you mean? This court should adopt the correct analysis of Cousins and rule that the shared responsibility payment is necessarily, necessarily either an excise tax or an income tax. Well, I would like to explain— First of all, I do think that's correct because the NFIB court said it's a constitutional tax. It's clearly not a duty or impost, and it doesn't deal with imports. So I think that makes sense that it falls into one of those categories. And if I may, I'd just like to reach the excise tax issue finally. With respect to the provision in issue, section 507A8, subparagraph E, which is the one that provides for priority taxes being excise taxes, two of this court's sister circuits have held that failure to get insurance is an event that can be— is an act that can be subject to an excise tax. Say again, what with respect to insurance? That failure to obtain insurance. Failure to obtain insurance is a transaction. Is a transaction within the meaning of section 507A8, subparagraph E. The DeRoche case in the Ninth Circuit, which we cite in our brief, and the Motley — the Williams v. Motley case in the Fourth Circuit. Now, the Fourth Circuit held that the failure to get auto insurance was a priority tax. The exaction for failure to get auto insurance was a priority tax. It didn't get into the transaction question, but the fact that it held it was a priority tax means it must have so concluded. Drive-by ruling. It didn't get into the details of it. But in DeRoche, the court did get into that question, dealing with the failure to get workers' compensation insurance, and it specifically said that you can have an excise tax on a failure to act. And then it looked at the transaction term in 507E — 507A8, subparagraph E, and its analysis indicates the transaction language is focused on identifying the discrete event that gives rise to the tax, because in the context of the Bankruptcy Code, which gives priority to taxes for only a certain look-back period, you have to consider — find an event, and that's what the court was focused on. And in that tax context, it held that the event was the thing at which point the tax could no longer be avoided by some action of going out and taking precautionary steps by the taxpayer. So once — You just made a marvelous argument for why this should have been decided in the Bankruptcy Court. Decided in the government's favor in the Bankruptcy Court? No. Why this matter should have been brought up and decided in the Bankruptcy Court.  But I do think — I do think — I do think that this is a legal issue that stands to affect many other cases, and it's certainly one where we would — where we think the correct reading of the statute is that it can be treated as an excise tax, either within subparagraph E or as an excise tax. I mean, no doubt that Mark said was right in everything he just said, but I thought we were talking about the issue that you had not waived, which was whether it's an excise tax on a transaction. Were we not talking about that? Well, yes. I think it is an excise tax on a transaction. And you were giving me a case law that showed why the failure to obtain insurance — Well, that's exactly what's taxed here, failure to obtain health insurance. I know, but why that's a transaction with the meaning of the statute. You were saying the Ninth Circuit's decision is your best case on that point. I believe that is — Is that DeRoche? The DeRoche case, yes. And I think the Motley case is also instructive on that from the Fourth Circuit. And I think generally, too, that the courts have — the Seventh Circuit in the Grotka case and the Rizzo case in the Sixth Circuit also recognize that excise taxes can be on an act or a failure to act and on exercise of a privilege. And here the statute spells out when that occurs. When you choose to go 30 days without health insurance, the taxable event occurs, and that's the transaction. And I think if you look at the statute itself, it spells out the thing that's being taxed here, and it has a timeframe on it. So I think this is a tax that would fall within that language. If there are no further questions on the language of 507, I would like to just speak also to the question of whether it's a tax. In our view, I think NFIB decides this. I think two other Supreme Court cases really flush out any confusion that might exist with regard to that. And in that regard, I'd point to the United States v. Sotelo case and the Clark v. Martinez cases that we discussed in our brief. I think with regard to NFIB, it really very clearly holds that this is a tax, the very same language here, and it applies the exact same test, the focus on function. What I would ask counsel opposite was let's assume we agree with you on that. I'm not saying we do, but let's assume it, that NFIB settles the question of whether this is a tax. Does that still leave open the question of whether it is an excise tax with respect to the meaning in the bankruptcy code? Well, I think there are two different questions. First of all, is it one of the types of taxes in Section 507, to which Sotelo, I think, answers that question. It applied the exact same question before trying to figure out which type of tax it is. It applied the question of is it a tax within the meaning of 507. And Sotelo and also the CF&I case and decades of bankruptcy cases going back have looked at that same test. I'm sure you agree that NFIB itself leaves open the possibility that you can have a tax for constitutional purposes, meaning this was within Congress's power, and yet for statutory purposes, Congress can have something different in mind with respect to a tax. And so you can have these two things being different. It is not a contradiction in terms. I think the word tax can mean different things in different statutes, and I think the Anti-Injunction Act statute that the opposing counsel pointed to is a good example of that. There the court found that the label tax was dispositive, but that's a very separate statute. And here, for purposes of analyzing whether something's a tax for the bankruptcy code and under the constitutional analysis that was done in NFIB, the court focused on the language that imposes the tax. And I think Sotelo and CF&I are good examples of where in the bankruptcy context, the courts have focused on the statute that imposes the tax and what it means and applied exactly the same tests that the court applied in NFIB. In fact, in NFIB, Justice Roberts' majority opinion cited Sotelo, and in footnote 7 of that opinion, the NFIB majority specifically rejected the dissent's attempt to disregard Sotelo as different and not relevant because it was in the bankruptcy context. So I think that really shows that we are talking about applying the exact same test to the exact same statutory language. So I think the syllogism we set forth in our brief really does make sense when you look at that context. The one other issue I'd like to raise is that I think Ms. Anderson pointed out the Bailey case, which I would like to note, I just learned it's been vacated. So to the extent that that's been relied upon, it's questionable law. But at any rate, with regard to the suggestion that I think stems from Bailey and the Parrish opinion, which has also been vacated, as we note in our brief, that the fact that it's a constitutional question tips the balance one way, whereas in bankruptcy, when you're looking at trying to construe the language to protect the debtor, it should tip the other way, I think is one that doesn't work, and that's made clear by the Clark v. Martinez case. And there the Supreme Court specifically rejected the notion that the very same statutory language could have different meanings in different contexts, that if a constitutional issue is involved, you might construe it to avoid unconstitutionality, but where a constitutional issue is not presented, it might mean something different. Rather, there the Court said the statute means what the statute means, and an interpretation that keeps it constitutional is basically like the lowest common denominator, and that meaning has to be given effect. So I think it's very clear when you consider the Clark v. Martinez case that these few bankruptcy decisions that have suggested that the difference in context should matter are not correct. And then I would again point back to Sotelo, which at page 279 through 80 of the U.S. Reports decision explains that actually rejected arguments that bankruptcy policies that favor the debtor should govern when you're looking at something that actually is designed to limit what's dischargeable in bankruptcy, as Section 507 is when you look at it together with Section 523 and 1322 of the Bankruptcy Code, because these priority taxes are not dischargeable. So I think that's another reason to conclude that you wouldn't tip the balance differently than the Supreme Court did in an FIV here. So for all those reasons, I think it's very clear based on Supreme Court authority that we're dealing with a tax in this case. And so I think, and I would emphasize that as the Court pointed out in an FIV, that there is a long list of reasons to conclude that it is a tax. It's reported on 1040s. It's measured, as I mentioned earlier, measured by income. The amount of tax, like the income tax, there's no tax for people under a certain floor, and then it's measured based on a percentage of income up to a cap that's designed to keep it non-punitive and that it's less than what it would cost to buy insurance. I would just briefly... What about Congress's finding about the purpose of the... Well, I think it's true with tax provisions generally that they're almost always designed with some purpose in mind in terms of encouraging particular conduct. We have a lower capital gains rate to encourage investment. We have a mortgage deduction to encourage people to buy homes. And I think, as the Supreme Court recognized in NFIB, there certainly was a goal of encouraging people to buy health care here, but the Court found that it also fit the revenue-raising purpose of a tax and had all these other characteristics of tax, including being administered by the IRS, which generally handles taxes. And I think, given that list of things, the Court said that... And the fact that it was expected to generate very significant revenue led the Court to conclude the tax, and there's no reason to reach a different opinion here. And, in fact, the Court noted that once it was fully implemented, because the amount phased in over a few years, that it would be expected to generate approximately $4 billion. So I think that's a very significant amount of revenue and certainly something that fits with the NFIB's Court's decision that it was a tax. We asked and thought maybe you might have the answer about is there any direct language in the Act about how the mandate funds is to be applied? I believe there is general language about the shared responsibility payment. I think the words itself, shared responsibility payment, have been viewed as aimed at the taxes, supposed to be a way in which people who don't have health insurance share the cost to the government of providing health care for the uninsured, which happens through things like, you know, but I don't think, to my knowledge, and I'm not an expert by any means on the Affordable Care Act, having come into this fairly late, but I'm not aware that there's specific language that directs where the money is to go, but that there is a general expectation. I can certainly look at that and let the Court know if there is any specific direction, but as far as I'm aware, it's collected by the IRS and then part of the general FISC that goes to collect, you know, I would assume goes to programs like Medicare and Medicaid that do defray the cost of health care for the United States. If there are no further questions, thank you. We'd ask that the Court refer you. Thank you. I would just mention a couple of final things. One is there's only one bankruptcy court so far that I know of that has found that the shared responsibility payment is a tax, and that was the Cousins case also in the Eastern District. That was actually my case, and it has not been appealed. It will not be appealed. And even that court did not make a determination as to whether it was an income tax or an excise tax. The court in that case said it doesn't really look like an excise tax, it doesn't really look like an income tax, and I think that that's a problem because a priority creditor that wants to claim priority status has to show that they fall into one of those two categories, so I don't think it's enough to just say that you're a tax. That's what NFIB found, that it was a tax and didn't go any further than that, but there's a different test for whether you're a priority creditor or not, and you have to fall into one of those categories. And I think clearly no bankruptcy court to date has found that the shared responsibility payment falls into a priority tax category. A couple of other things I would note is that, you know, in some of these decisions, courts have said, oh, and I would also note that the district court didn't make that determination either. All the district court in this case said was that it was a tax, didn't talk about whether it was an excise tax or an income tax. And then finally, whether it's less than the cost of health insurance, that's not necessarily the case. It really depends on your income. The maximum amount that you might have to pay would be the cost of a health insurance plan depending on your family size. So in some cases it might be a lot. It might be the same as the cost of health insurance, but the taxpayer does not get any health insurance for that. Thank you. Thank you. The court will take a brief recess.